UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SHERMAN BURNETT, JR.,            )
                                 )
            Petitioner,          )
                                 )
v.                               )        Case No. 4:10CV1149 HEA
                                 )
JEFF NORMAN,                     )
                                 )
            Respondent.          )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Report and Recommendation, of

Magistrate Judge Nannette A. Baker that Sherman Burnett, Jr.'s Petition for

Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, [Doc. No. 1], be denied.

Petitioner has filed written objections to the Report and Recommendation.  When

a party objects to the magistrate judge's report and recommendation, the Court

must conduct a *de novo* review of the portions of the report, findings, or recom-

mendations to which the party objected.  See *United States v. Lothridge*, 324

F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)).  Pursuant to 28 U.S.C.

§ 636, the Court will therefore conduct a *de novo* review of those portions of the

Report and Recommendation to which petitioner objects.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §

2254 (AEDPA) applies to all petitions for habeas relief filed by state prisoners

after the statute's effective date of April 24, 1996.  When reviewing a claim that

has been decided on the merits by a state court, AEDPA limits the scope of

judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a state court shall not be granted
> with respect to any claim that was adjudicated on the merits in state
> court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or
> > involved an unreasonable application of, clearly
> > established federal law, as determined by the Supreme
> > Court of the United States; or
> >
> > (2) resulted in a decision that was based on an
> > unreasonable determination of the facts in light of the
> > evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v.*

*Taylor*, 529 U.S. 362 (2000), held that:

> Under the 'contrary to' clause, a federal habeas court may grant the
> writ if the state court arrives at a conclusion opposite to that reached
> by [the U.S. Supreme Court] on a question of law or if the state court
> decides a case differently than [the U.S. Supreme Court] has on a set
> of materially indistinguishable facts. Under the 'unreasonable
> application' clause, a federal habeas court may grant the writ if the
> state court identifies the correct governing legal principle from [the
> U.S. Supreme Court's] decisions but unreasonably applies that
> principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-13.  Furthermore, the *Williams* Court held that "a

federal habeas court may not issue the writ simply because that court concludes in

its independent judgment that the relevant state court decision applied clearly

established federal law erroneously or incorrectly."  *Williams*, 529 U.S. at 409.

## Discussion

Petitioner objects to the Report and Recommendation based on the same

grounds that he presented in his Petition.

The Procedural History and Factual Background are set forth in the Report

and Recommendation.  Petitioner argues that his sentence violates due process,

equal protection and freedom from cruel and unusual punishment on the grounds

that a sixty year sentence is excessive for a thirteen year old and disproportionate

to the offenses.  Judge Baker's Report and Recommendation thoroughly discusses

Petitioner's arguments and the law applicable to them.  Petitioner has failed to

present the Court with any misstated law and/or facts and fails to establish how

Judge Baker's recommendation is contrary to the applicable standards in habeas

petitions.

Likewise, with respect to Petitioner's argument that counsel was ineffective

because he was pressured into pleading guilty, that he failed to fully understand

the consequences of his "blind" plea and that he was misinformed that he would

receive dual jurisdiction, Petitioner cannot satisfy the *Strickland* two pronged

standard of counsel's representation falling below an objective standard of

reasonableness and prejudice.  Judge Baker carefully details the basis for her

recommendation that the Petition be denied.  As Judge Baker reports, the state

court determined that the record refuted Petitioner's assertion that trial counsel's

performance fell below an objective standard of reasonableness, or that Petitioner

was prejudiced.  *Burnett v. State*, 311 S.W.3d 810, 817 (Mo. Ct. App. 2009).

While the Court is required to review the record *de novo*, this review is

limited in scope.  This Court is not at liberty to substitute its rulings for those of

the state court.  The role and function of this court is narrowly limited. The

standard by which the Court reviews the record on a habeas petition, as set forth

above, is that relief may only be granted if the decision by the state court (1)

resulted in a decision that was contrary to, or involved an unreasonable application

of, clearly established federal law, as determined by the Supreme Court of the

United States; or (2) resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the state court

proceeding.  28 U.S.C. § 2254(d).

In reviewing whether the State Court's decision involved an unreasonable

application of clearly established federal law, the Court examines the ultimate

legal conclusion reached by the Court, *id.* at 784, not simply the statement of reasons explaining the State Court's decision.  *See Gill v. Mecusker,* 633 F.3d 1272, 1291–92 (11th Cir.2011) *Wright v. Sec'y for Dep't of Corr.,* 278 F.3d 1245, 1255 (11th Cir.2002); *Neal v. Puckett,* 239 F.3d 683, 696 (5th Cir.2001); *Hennon v. Cooper,* 109 F.3d 330, 335 (7th Cir.1997).  At least where there is no "conspicuous misapplication of Supreme Court precedent" that makes the state court's decision "contrary to" clearly established law, *Wright,* 278 F.3d at 1256 n. 3, the proper question is whether there is "any reasonable argument" that the State Court's judgment is consistent with *Strickland.  Richter,* 131 S.Ct. at 788; *see Premo v. Moore,* ––– U.S. –––, 131 S.Ct. 733, 740, 178 L.Ed.2d 649 (2011).  If the State Court "reasonably could have concluded that [the petitioner] was not prejudiced by counsel's actions," then federal review under AEDPA is at an end. *Moore,* 131 S.Ct. at 744.  *Williams v. Roper,* 695 F.3d 825, 831 -832 (8th Cir. 2012).

Judge Baker's discussion of the applicable state law is very thorough and correct.  The Court agrees that the state court findings are not contrary to, nor were they an unreasonable application of federal law.

## Conclusion

This Court has conducted a *de novo* review of those portions of the Report and Recommendation to which Petitioner objects.  The Court has reviewed the

trial record, the Missouri court rulings, opinions and decisions.  It has further reviewed all pleadings, motions and memoranda before it.   The Court finds that the Report and Recommendation sets forth a very thorough and correct analysis of the issues raised in the Petition.  Petitioner's objections to the Report and Recommendation are without merit and are denied in their entirety.  The Court, concluding its review under AEDPA,  will adopt the Recommendation of Judge Baker that the Petition be denied.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).   This Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right.  A Certificate of Appealability will therefore not be issued.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Sherman Burnett, Jr.  for

Writ of Habeas Corpus, [Doc. No. 1], pursuant to 28 U.S.C. § 2254 is denied.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not issue as Petitioner has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 11th day of December, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE